IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY HARVEY, | |
| Plaintiff, | No. 19-cv-05450 |
| v. | Judge John F. Kness |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS/DETECTIVES, CLIFFORD MARTIN, Star No. 21429, and UNKNOWN AND UNNAMED OFFICERS OR DETECTIVES to be ascertained, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy Harvey brings this civil rights action against the City of Chicago, Chicago Police Detective Clifford Martin, and various unknown and unnamed officers for: (1) false arrest and wrongful detention in violation of 42 U.S.C. § 1983; (2) coercion of a witness, also in violation of 42 U.S.C. § 1983; and (3) abuse of process under Illinois law. Defendant City of Chicago has moved to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

**I.    BACKGROUND**

On March 24, 2012, Randy Streeter was murdered in Chicago, Illinois. (First Amended Complaint ("FAC"), Dkt. 18 ¶ 7.) Plaintiff Timothy Harvey alleges that,

more than a year later, on April 16, 2013, three members of the Chicago Police Department (the "Defendant Officers"), including Detective Clifford Martin,[1] came to Plaintiff's house to question him about the homicide. (*Id.* ¶ 9.) Harvey, who is learning disabled, explained to the officers that he was neither a witness to nor involved in the murder. (*Id.* ¶¶ 6, 10.) Despite this information, Plaintiff contends he was coerced into making false statements, including that he witnessed Streeter's murder and that Harvey's cousin Douglas Brown was involved. (*Id.* ¶ 10.)

On May 22 or 23, 2013, Harvey was arrested for Streeter's murder. (*Id.* ¶ 11.) While in custody, Defendant Martin and the other Defendant Officers continued to coerce Harvey to provide false testimony. (*Id.* ¶ 14.) These Defendants threatened to charge Harvey with murder if he did not provide false testimony stating that he witnessed the murder. (*Id.*) Harvey was in custody for two days before he was released. (*Id.* ¶ 13.)

On June 24, 2014, Harvey was subpoenaed to testify at grand jury proceedings relating to Streeter's murder. (*Id.* ¶ 15.) Before testifying, various unknown Chicago police officers and members of the State's Attorney's Office again coerced Harvey to testify that he witnessed the murder, and that Brown was involved. (*Id.*) Harvey does not allege, however, that he provided any false testimony at the grand jury proceeding. (*See Id.*)

Several years passed. On November 12, 2018, Harvey was arrested and

---

[1] Although the FAC refers to "detective, defendant Calvin Martin," and because there is no such person named as a defendant here, the Court will assume this was a typographical error and Plaintiff intended to write Clifford Martin.

2

charged for failure to appear on a subpoena to provide testimony at the Streeter murder trial. (*Id.* ¶ 19.) Harvey, however, was never served with the subpoena. (*Id.*) Harvey remained in custody until November 30, 2018, two days after Harvey testified at trial. (*Id.* ¶¶ 20, 22.) Before testifying, Harvey again faced coercive pressure to provide false testimony, but instead testified that he was neither a witness to nor present at the time of the murder. (*Id.* ¶ 21.)

Harvey filed this lawsuit on August 13, 2019 (Dkt. 1) and amended his complaint on November 6, 2019 (Dkt. 18), alleging: (1) false arrest and wrongful detention; (2) coercion of a witness; and (3) abuse of process. The City and Martin moved to dismiss Harvey's amended complaint in its entirety. (Dkt. 19 at 1.) On May 5, 2021, the Court dismissed all claims against Martin, who died on April 10, 2020 (Dkt. 42), leaving the City as the sole party moving to dismiss. (Dkt. 49.)

## II. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal punctuation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578

F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although legal conclusions are not entitled to the assumption of truth, the Court, in evaluating a motion to dismiss, must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678-79.

A motion to dismiss for lack of standing is considered a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Smith v. Chicago*, 143 F. Supp. 3d 741, 748 (N.D. Ill. 2015). If a defendant claims that a lack of standing is apparent from the face of the complaint, then the "standard of review mirrors the standard applied for 12(b)(6) motions." *Royal Towing, Inc. v. City of Harvey*, 350 F. Supp. 2d 750, 752 (N.D. Ill. 2004).

### III. DISCUSSION

#### A. False Arrest and Wrongful Detention

In Count I, Harvey brings a 42 U.S.C. § 1983 claim against Martin and the Defendant Officers for false arrest in violation of the Fourth Amendment. (FAC

4

¶¶ 28-35.) Harvey alleges that Martin and the Defendants Officers lacked probable cause for both of his arrests—the first around May 23, 2013, and the second on November 12, 2018—and that they arrested him "so that they could harass and coerce [him] to make false statements and testimony in connection with a murder [to which] he was no[t], in fact, a witness." (*Id.* ¶¶ 31, 34.)

To prevail on a false arrest claim under § 1983, Harvey must show that the arresting officers lacked probable cause for his arrest. *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). The existence of probable cause is an absolute defense to a claim of false arrest. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). The Court must thus determine whether Harvey adequately pleads a lack of probable cause for each of his arrests.

### 1. First Arrest: May 2013

As an initial matter, Defendants move to dismiss Harvey's false arrest claim—to the extent it is based on Harvey's first arrest on or around May 23, 2013—as time-barred. (Dkt. 19 at 4-5.) The statute of limitations to bring a claim under § 1983 is determined by state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Illinois, the statute of limitations for a § 1983 false arrest claim is two years. *Brooks v. Davey*, 572 F. Supp. 2d 917, 918 (N.D. Ill. 2008) (citing 735 ILCS 5/13-202). This two-year clock begins to run "on the day of the arrest regardless of later proceedings." *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). The statute of limitations for Harvey's false arrest claim based on the May 2013 arrest thus expired in May 2015. Harvey did not file his original complaint until August 13, 2019. (Dkt. 1.) The Court therefore

dismisses the false arrest claim relating to the May 2013 arrest with prejudice as time-barred and need not reach the issue of whether the Defendant Officers lacked probable cause for that arrest.

### 2. Second Arrest: November 12, 2018

Defendants also move under Rule 12(b)(6) to dismiss the false arrest claim based on the November 12, 2018 arrest. According to Defendants, Plaintiff has failed plausibly to allege a lack of probable cause. (Dkt. 19 at 5-8.) An officer has probable cause to make an arrest if "at the time of the arrest, the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Defendant Officers arrested Harvey on November 12, 2018, for failure to appear on a subpoena. (FAC ¶ 19.) Illinois law permits law enforcement officers to arrest "[a] witness who is duly subpoenaed who neglects or refuses to attend any court[.]" 725 ILCS 5/115-17. *See also Schmoll v. Bray*, 377 N.E.2d 1172, 1174 (Ill. App. Ct. 1978) (a body of attachment can be issued for failure to appear on a subpoena); 735 ILCS 5/12-107.5(a) (a body of attachment is analogous to an arrest in that the party found in contempt of court is taken into custody until he appears in court pursuant to the subpoena).

Harvey suggests that, because he was never served with the subpoena, the Defendant Officers automatically lacked probable cause to arrest him for failure to

appear on that subpoena. (Dkt. 26 at 4.) But probable cause is based on what the arresting officers reasonably believed to be true at the time of the arrest. *See Howlett v. Hack*, 794 F.3d 721, 726-27 (7th Cir. 2015); *see also U.S. v. Leon*, 468 U.S. 897, 922 n.23 (2017) (unless a "reasonably well-trained officer would have known that the search was illegal," an officer is presumed to rely in good faith on the validity of a search warrant); *Lawson v. Veruchi*, 637 F.3d 699, 704 (7th Cir. 2011) (a facially valid warrant generally shields an officer relying in good faith on the warrant from liability for false arrest). Harvey does not allege that the officers lacked affirmative knowledge that he was never served with a subpoena. Because Harvey makes no allegation that the arresting officers knew that Harvey had not been served with the subpoena and arrested him anyway, the Court cannot infer a lack of probable cause on that basis.

Harvey also suggests that the Defendant Officers lacked probable cause because the subpoena itself was improper in that Martin "caused [Harvey] to be compelled to testify in court and thus be deprived of his liberty." (Dkt. 26 at 7.) But as Defendants point out, under Illinois law, a party can be held in contempt for failure to answer a subpoena even if he believes the subpoena is improper. *See People v. Harris*, 413 N.E.2d 1369, 1370 (Ill. App. Ct. 1980) (failure to comply with a subpoena due to a perceived inconsistency in the law is no excuse). Even accepting as true the allegation of some ulterior motive behind the subpoena, that fact would not, by itself, negate the existence of probable cause for the arrest. Accordingly, the motion to dismiss Harvey's claim of false arrest as it relates to the November 12, 2018 arrest is granted.

### B. Coercion of a Witness

In Count II, Harvey alleges that Defendant Officers coerced him to provide false witness testimony in violation of his Fourth Amendment rights and thus seeks to hold Defendants liable under 42 U.S.C. § 1983. (FAC ¶¶ 37, 40.) In opposition, Defendants argue that the Seventh Circuit has not recognized a § 1983 claim for witness coercion brought on behalf of a witness for being coerced to testify against someone else. (Dkt. 19 at 9.) Instead it is criminal defendants themselves who typically bring such § 1983 claims—contending that their right to due process was infringed because witnesses were coerced to testify against them. *See, e.g.*, *Whitlock v. Brueggemann*, 682 F.3d 567, 581 (7th Cir. 2012). In other words, even though a criminal defendant might have a viable § 1983 claim in a situation where a witness was coerced to testify against him, the Seventh Circuit has never recognized that the witness himself has standing to bring such a claim.

Harvey, on the other hand, argues that he has sufficiently stated a § 1983 claim for coercion because of the "overbearing" tactics Defendants used on him. Harvey relies on *Buckley v. Fitzsimmons*, 20 F.3d 789 (7th Cir. 1994), in which the Seventh Circuit held that "[c]oercing witnesses to speak . . . is a genuine constitutional wrong, but the persons aggrieved would be [the witnesses] rather than [a party to the suit]." *Id*. at 794. That case, however, is factually distinguishable because the plaintiff in *Buckley* was a criminal defendant who claimed that his constitutional rights were violated when the police used coercive questioning to obtain statements from witnesses that inculpated him in a crime. *Id*. Even though the Seventh Circuit in

8

*Buckley* suggested that witness coercion was a "constitutional wrong," it did not clearly establish that a coerced witness has standing to bring a § 1983 claim based on that coercion. *Cf. Fields v. Wharrie*, 740 F.3d 1107, 1119, n.6 (7th Cir. 2014) (Sykes, J., concurring in part and dissenting in part) ("our decision in *Buckley* had nothing to do with the standing of coerced witnesses; we mentioned this point only to explain that although the witnesses might have a claim for violation of their constitutional rights during the investigation, Buckley—the only plaintiff in the case—did not").

Harvey's reliance on *Petty v. City of Chicago*, 754 F.3d 416 (7th Cir. 2014) is similarly misplaced. In that case, the plaintiff, just like the plaintiff in *Buckley*, alleged a due process violation when Chicago police officers coerced a witness into giving false witness statements against him. *Id.* at 421. Harvey, however, was never a criminal defendant, and he does not allege that the police used coercive questioning to obtain statements from *other* witnesses to inculpate him in a crime.

Harvey has not provided, and the Court has not found, any authority establishing that Harvey, as a coerced witness, may bring such a § 1983 claim. *Accord Redd v. Dougherty*, 578 F. Supp. 2d 1042, 1054 (N.D. Ill. 2008) (dismissing witness's § 1983 witness coercion claim and noting that the plaintiff "has not cited, nor has the Court's research revealed, any cases recognizing the viability of a coercive-questioning claim"). Accordingly, as Harvey does not have standing to bring such a claim, Defendants' motion to dismiss as to Count II is granted for lack of subject matter jurisdiction.

### C. Abuse of Process

To state a claim for abuse of process under Illinois law, a plaintiff must plead: "(1) the existence of an ulterior purpose or motive for the use of regular court process[;] and (2) an act in the use of process not proper in the regular prosecution of a suit." *McGrew v. Heinold Commodities, Inc.*, 497 N.E.2d 424, 429 (Ill. App. Ct. 1986). To establish this second element, a plaintiff must allege that the "process has been used to accomplish some result which is beyond the purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally be compelled to do." *Doyle v. Shlensky*, 458 N.E.2d 1120, 1128 (Ill. App. Ct. 1983). Claims for "abuse of process [are] not favored under Illinois law." *Kumar v. Bornstein*, 820 N.E.2d 1167, 1173 (Ill. App. Ct. 2004).

Harvey alleges that the legal process Defendants abused was a "Rule to Show Cause." (*See* FAC ¶ 42 ("Defendant Martin caused an abuse of process to occur against [Harvey] in that he caused a Rule to Show Cause to be entered . . . through false allegations that [Harvey] was a witness to a crime to which he was not a witness").) But these allegations are vague. Harvey alleges that Defendant Martin "caused a Rule to Show Cause to be entered against [him]" on or about October 11, 2018, but does not allege that the rule to show cause was related to the subpoena that preceded his November 12, 2018 arrest. (*Id.* ¶¶ 42, 43) The timing of events, however, allows the Court to draw the reasonable inference that the two were related.

Defendants concede that Harvey has alleged the first element of an abuse of process claim (the existence of an ulterior motive for the use of a court process) by

10

alleging "that Martin sought a rule to show cause against [Harvey] in an effort to intimidate him to testify falsely." (Dkt. 19 at 12.) Despite this ulterior motive, Defendants argue that "[w]hen process is used only for its intended purpose, there can be no cause of action for abuse of process." (*Id*. at 11) (citing *Cmty. Nat'l Bank in Monmouth v. McCrery*, 509 N.E.2d 122, 124 (Ill. App. Ct. 1987)). Defendants assert that there can be no abuse of process here because the rule to show cause was merely used for its intended purpose: to force compliance with a subpoena. (*Id*. at 12.)

Harvey's response to this argument is unpersuasive. Harvey merely states in conclusory fashion that he has "pled the proper elements, that being a use of process, the subpoena and rule to show cause, and an ulterior motive" and then provides the Court with a lengthy and unhelpful block quote discussing the elements of an abuse of process claim. (Dkt. 26 at 12-13.)

Because Harvey has not alleged that the process was used for anything but its intended purpose, he has failed to state a claim for abuse of process. A rule to show cause is intended to force compliance with a subpoena that has gone unanswered. That purpose was served here: the rule to show cause was used to force Harvey to comply with the subpoena. *See McGrew*, 497 N.E.2d at 430 (dismissing abuse of process claim because "the garnishment summonses in this case were used to collect money, the very purpose for which the process was created"). Accordingly, the Court dismisses Count III for failure to state a claim.

11

## IV. CONCLUSION

For these reasons, Defendants' motion to dismiss is granted. Harvey's claim for false arrest (Count I), to the extent it is based on the May 2013 arrest, is dismissed with prejudice as time-barred. Defendants' motion to dismiss Harvey's claims for false arrest based on the November 2018 arrest (Count I), witness coercion (Count II), and abuse of process (Count III) are dismissed without prejudice. If Harvey believes he can remedy the deficiencies identified in this opinion as to those counts, he is given leave to amend his complaint on or before October 18, 2021. If Harvey does not file an amended complaint by that date, this dismissal will automatically convert to a dismissal with prejudice.

SO ORDERED in No. 19-cv-05450.

Date: September 27, 2021

JOHN F. KNESS
United States District Judge